**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(973) 776-7700

| CHAMBERS OF<br>**JAMES B. CLARK, III**<br>UNITED STATES MAGISTRATE JUDGE | U.S. COURTHOUSE<br>50 WALNUT STREET, ROOM 2060<br>NEWARK, NJ 07102 |
|---|---|

October 31, 2019

**LETTER ORDER**

Re:   **Szemple v. Rutgers University, et al.**
        **Civil Action No. 19-13300 (JMV)**

Dear Mr. Szemple and Counsel:

The Court is in receipt of a letter from Michael Podera, Esq. of Podera Law indicating that he is "willing to take this case *pro bono* and would welcome appointment" as *pro bono* counsel for Plaintiff. *See* Dkt. No. 5. Plaintiff previously filed a motion for the appointment of *pro bono* counsel [Dkt. No. 2] which was subsequently denied by the Court [Dkt. No. 4]. In denying Plaintiff's motion, the Court found that Plaintiff had "not sufficiently established his indigency" and noted that Plaintiff's Complaint had not been screened by the Court to determine whether Plaintiff's claims have "some merit in fact and law." Dkt. No. 4 at p. 2 (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). There has been no change in the circumstances noted by the Court in its denial of Plaintiff's previous motion for *pro bono* counsel and no renewed motion by Plaintiff. Although Mr. Podera has indicated to the Court that he would be willing to accept an appointment by the Court as *pro bono* counsel for Plaintiff, the Court, based upon the lack of change in circumstances which led to the denial of Plaintiff's previous motion, declines to order the appointment of *pro bono* counsel for Plaintiff at this juncture. However, the Court knows of no impediment which would prevent Mr. Podera from representing Plaintiff *pro bono* in this matter absent an Order from this Court requiring him to do so.

**IT IS SO ORDERED.**

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**